AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | SOUTHERN DISTRICT OF FLORIDA | |
|---|---|---|---|
| Name *(under which you were convicted):*<br>LUKNER BLANC | | | Docket or Case No.:<br>9:14-CR-80114 |
| Place of Confinement:<br>FCI Pollock, 1000 Airbase Road, Pollock, LA 71467 | | Prisoner No.:<br>06662-104 | |
| UNITED STATES OF AMERICA<br><div align=center>V.</div> | | Movant *(include name under which convicted)*<br>LUKNER BLANC | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U.S. District Court, Southern District of Florida (West Palm Beach Division)
   701 Clematis Street, West Palm Beach, Florida 33401

   (b) Criminal docket or case number (if you know): 9:14-CR-80114

2. (a) Date of the judgment of conviction (if you know): 1/11/2016

   (b) Date of sentencing: 1/11/2016

3. Length of sentence: Aggregate sentence of 16 years imprisonment, followed by supervised release

4. Nature of crime (all counts):

   Conspiracy to Steal Government Funds (Count 1); Receiving, Concealing and Retaining Monies Stolen from the United States (Counts 2, 5, and 6); Aggravated Identity Theft Related to Theft of Government Monies (Counts Eight, Nine, Ten); Wire Fraud (Counts Eleven through Fifteen); and Aggravated Identity Theft Related to Conspiracy to Commit Wire Fraud (Counts Sixteen through Twenty).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:

   (a) Name of court:  <u>Eleventh Circuit Court of Appeal</u>

   (b) Docket or case number (if you know):  <u>16-10223</u>

   (c) Result:  <u>Affirmed, Per Curiam (non-published opinion)</u>

   (d) Date of result (if you know):  <u>4/27/2017</u>

   (e) Citation to the case (if you know): 

   (f) Grounds raised:

   1. The district court abused its discretion by refusing to sever defendants with antagonist, mutually exclusive defenses;
   2. The district court reversibly erred by refusing to strike the venire when juror 4 advised that he had seen Lukner Blanc in custody when the potential juror was a corrections officer; and
   3. The district court erred by refusing to accept Lukner Blanc's guilty plea.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

     If "Yes," answer the following:

     (1) Docket or case number (if you know):  17-6090

     (2) Result:  Petition denied

     (3) Date of result (if you know):  <u>11/13/2017</u>

     (4) Citation to the case (if you know): 

     (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
   Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

     (2) Docket or case number (if you know):

     (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

     (4)  Nature of the proceeding:

     (5)  Grounds raised:

     (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

         Yes ☐     No ☐

     (7)  Result:

     (8)  Date of result (if you know):

  (b) If you filed any second motion, petition, or application, give the same information:

     (1)  Name of court:

     (2)  Docket of case number (if you know):

     (3)  Date of filing (if you know):

     (4)  Nature of the proceeding:

     (5)  Grounds raised:

     (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

         Yes ☐     No ☐

     (7)  Result:

     (8)  Date of result (if you know):

  (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

     (1)  First petition:    Yes ☐     No ☐

     (2)  Second petition:    Yes ☐     No ☐

  (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO ADEQUATELY ADVISE HIM ABOUT HIS RIGHTS TO ENTER AN OPEN PLEA OF GUILTY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to proceeding to trial, the Petitioner and trial counsel discussed the possibility of entering a plea of guilty and allowing the court to sentence him thereafter. During this discussion, trial counsel advised the Petitioner that he had a Total Offense Level 35, with a Criminal History Category of 4. Pursuant to the guidelines and counsel's advice, the Petitioner would have been facing a sentence between 235 months and 293 months. However, counsel's calculation and advice as a result was incorrect. As identified by the Court at his sentencing, the Petitioner's Total Offense Level was actually at 29, with a Criminal History Category of 4. As a result, he was facing a guideline range of 121-151 months.  Counsel's calculation was further erroneous because if the Petitioner had accepted responsibility and entered a guilty plea prior to going to trial, the Petitioner would have received a three-level decrease based on acceptance of responsibility, thereby setting his Total Offense Level at a 26. The Petitioner's guideline range would have decreased to 92 to 115 months. Had the Petitioner been made aware of the actual range he was facing, he would not have proceeded to trial and instead, would have insisted on entering a plea of guilty.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**    PETITIONER WAS DENIED HIS RIGHT TO COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE THE FACTS AND PRESENT EVIDENCE IN SUPPORT OF THE PETITIONER'S THEORY OF DEFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to trial, the Petitioner discussed the facts surrounding his Indictment and the allegations put forth by the government. Specifically, pursuant to the Indictment, the Petitioner was being charged in Count One with Conspiracy to Receive, Conceal and Retain Monies Stolen from the United States from the dates of February 2012 until November 2012. The government argued at trial that the Petitioner was the leader of the conspiracy and as a result the most culpable. The government argued that the Petitioner directed the activities related to the filing of fraudulent tax returns, the opening of bank accounts, the acquisition of debit cards and the withdrawal of stolen monies, throughout that time. However, the Petitioner advised trial counsel early on that the government was incorrect. The Petitioner's co-defendant, Juste, was actually the leader and had been directing the activities long before the Petitioner got involved. The Petitioner advised trial counsel that he was simply friends with some of his co-defendants and did not know what they were into until he got arrested on his State case in October of 2012. At that point in time, the Petitioner got involved in the conspiracy for the first time because he needed money for a lawyer. The Petitioner provided counsel with documents proving that he had legitimate income prior to his arrest date in October 2012 and therefore, did not need to be part of the conspiracy. However, trial counsel never presented any of this information to the jury. As a result, the Petitioner was found culpable for $1,291,859.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:**   PETITIONER WAS DENIED RIGHT TO COUNSEL WHEN COUNSEL MISADVISED THE PETITIONER ABOUT HIS NEED TO TESTIFY AND AS A RESULT, VIOLATED HIS RIGHTS TO DEFEND HIMSELF

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

During the Petitioner's trial, the discussion of whether the Petitioner should testify or not came up between himself and trial counsel. The Petitioner had always advised trial counsel, from day one, that if he proceeded to trial he wanted to tell his story and the truth about what took place. Trial counsel advised the Petitioner not to testify for 2 reasons: first, the Petitioner's co-defendant/victim (Placide) was going to testify and if Petitioner testified, that would be prejudicial; and second, the Petitioner "had a background" so nobody was going to believe him. The Petitioner continued to ask trial counsel if he did not testify, who would tell his story? . Trial counsel advised the Petitioner that his co-defendant had a better criminal record than the Petitioner and the jury would believe his co-defendant over the Petitioner. Trial counsel's advice was misadvice, because whether the Petitioner's co-defendant testified or not was irrelevant to the analysis of whether it would have been beneficial for him to do so. Further, trial counsel's acknowledgement that the jury would have found out about the Petitioner's past was also a minimal concern in light of the other government witnesses who had just as lengthy of a criminal past.

(b) **Direct Appeal of Ground Three:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐         No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐         No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐         No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐         No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐         No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   PETITIONER WAS DENIED RIGHT TO COUNSEL WHEN COUNSEL FAILED TO RETAIN INDEPENDENT INTERPRETER TO TRANSLATE THE RECORDED JAIL PHONE CALLS

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

After the Petitioner was arrested, he remained incarcerated in the Palm Beach County Jail while his state case was pending. While he was in custody, the Petitioner used the telephone to call his family and friends. The calls were recorded. Most of the conversations were in Creole and were to the Petitioner's girlfriend Sonia, who was not an indicted co-defendant. The government retained an interpreter to translate the calls at trial. When they were translated, the government maintained that the Petitioner was instructing others as to what steps to take in order to continue with the tax fraud scheme that they had been committing earlier so that money could be raised for an attorney for him. During the cross-examination of the government's witness, it was admittted that he was provided background information on the case prior to translating any of the calls. Prior to trial, the Petitioner advised trial counsel that the government's translator was incorrect about several translations and as a result, it was imperative for them to retain their own independent interpreter. Petitioner was instructing people only to help him after he was arrested in his state case. However, trial counsel never retained said interpreter.

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistnce of trial counsel are not cognizable on direct appeal.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐       No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐       No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐       No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FIVE:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE ALLEGATIONS SURROUNDING A BIASED JUROR THAT ULTIMATELY SAT AS A JUROR IN THE PETITIONER'S TRIAL

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

After the Petitioner was convicted, he realized that juror #20 lied to the district court judge and the Petitioner advised trial counsel about this. Specifically, juror #20, Sheila Lawrence Harvey, had a previous undisclosed relationship with the Petitioner. In 2002, Ms. Lawrence Harvey called law enforcement on the Petitioner in 2002. During voir dire, Ms. Lawrence Harvey advised the district court that she believed she may know the Petitioner, but she was not sure. Specifically, Ms. Lawrence Harvey stated that "I think I may know him, not personally, but from where I was from previously." (Doc. 325 at 99). Nothing further took place upon learning this information except confirming that it would not affect her ability to be fair. However, after trial, the Petitioner realized how he knew this juror and advised trial counsel of the troubled past. Counsel requested the voir dire transcripts, but did not advise the district court about the conflict.

**(b) Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

7.

**GROUND SIX:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO RETAIN AN INDEPENDENT EXPERT TO ANALYZE THE COMPUTER USED BY THE GOVERNMENT TO ARGUE THE PETITIONER WAS GUILTY OF FILING THE FRAUDULENT TAX RETURNS

**(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

After the Petitioner was arrested and sitting in the county jail, a search warrant was conducted at the home of co-defendant, Jean Juste, who was a suspect in a homicide, where various items including laptop computers, cell phones and debit cards wrapped in rubber bands with sticky notes attached were seized. The evidence appeared to be involved in an identity theft scheme, so law enforcement conducted a further analysis. An analysis revealed that several of the laptops were utilized to prepare and file fraudulent tax returns. The Petitioner advised trial counsel that an examination of the laptops was necessary because it would prove he was not the person who was involved with the filing of said returns. He further advised counsel that an analysis would help determine additional information about who drafted the returns and when. He further advised counsel that in 2010, someone filed his taxes and he was unaware of that, and therefore, he was actually a victim. Lastly, he advised counsel that in 2012, his bank account was tampered with and an independent examination of the computer would have proven these facts to be true.

**(b)  Direct Appeal of Ground Six:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

**(c)  Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND SEVEN:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE FOUND ON A CELL PHONE THAT WAS OBTAINED WITHOUT A SEARCH WARRANT FOR SAID CELL PHONE

(a)  **Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

In the instant case, the government used a cell phone that was found in the vehicle where the Petitioner was arrested in to connect him to the conspiracy. Specifically, on the date of the Petitioner's arrest, he was pulled over while driving a vehicle that did not belong to him. The Petitioner was found with four credit cards and one cell phone on his person. There was a second phone in the vehicle, but not on the Petitioner's possession. The phone was not found until several days later and was not registered to the Petitioner, but were used at trial by the government against him. The phone found in the vehicle was connected, via a contact name in a cellphone found at Juste's house, and the government argued that was how the conspiracy was communicating. The text messages found on the phone from the car were used to link the Petitioner to conspiracy *prior* to the date of his arrest on the State charges. This was the only evidence that linked the Petitioner to anything prior to his arrest in October. During his representation, the Petitioner consistently asked trial counsel to file a motion to suppress that phone because law enforcement did not have a search warrant to search it. However, a motion to suppress was never filed.

(b)  **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

**(c) Post-Conviction Proceedings:**

(3) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(4) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(5) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(6) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(7) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(8) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(9) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND EIGHT:** PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE CRIMINAL HISTORY POINTS ALLOCUTED TO HIM PRIOR TO SENTENCING

**(d) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

Pursuant to the Petitioner's PSR, he received a criminal history category of IV. Two of the prior sentences that were used to equal that category number were improperly counted twice. Specifically, the Petitioner received 3 points for the sentence in Glades County, Florida, from an incident that took place on January 14, 2008. (See paragraph 64 of PSR). The Petitioner also received 2 points for an offense out of Hendry County which also took place on January 14, 2008.

(See paragraph 66 of PSR). This was inappropriate as these should not have been counted separately, but as a single prior sentence. If this error had been caught, the Petitioner's guideline range would have changed significantly.

(e) **Direct Appeal of Ground Eight:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

    Claims arguing ineffective assistance of trial counsel are not cognizable on direct appeal.

(f) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds alleging ineffective assistance of counsel have not previously been presented in some federal court because they were not viable or appropriately raised until the instant petition.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Richard Serafini, 100 SE 3rd Avenue, Suite 2510, Fort Lauderdale, FL 33394

(b) At the arraignment and plea:
Richard Serafini, 100 SE 3rd Avenue, Suite 2510, Fort Lauderdale, FL 33394

(c) At the trial:
Richard Serafini, 100 SE 3rd Avenue, Suite 2510, Fort Lauderdale, FL 33394

(d) At sentencing:
Richard Rosenbaum, 315 SE 7th Street, Suite 300, Fort Lauderdale, FL 33301

(e) On appeal:
Richard Rosenbaum, 315 SE 7th Street, Suite 300, Fort Lauderdale, FL 33301

(f) In any post-conviction proceeding:
Rachael E. Reese, 511 W Bay Street, Suite 330, Tampa, FL 33606

(g) On appeal from any ruling against you in a post-conviction proceeding:
n/a

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐

AO 243 (Rev. 09/17)

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Petitioner was sentenced and judgment entered on January 11, 2016. The Petitioner then timely filed his
Notice of Appeal with the Eleventh Circuit Court of Appeal (case number 16-10223). On April 27, 2017, the
Eleventh Circuit issued its opinion, affirming the Petitioner's judgment and conviction. Counsel for the Petitioner
then sought an extension of time to file a Motion for Rehearing, which was granted. The mandate was ultimately
issued on June 26, 2017. The Petitioner then filed a writ of certiorari in the United States Supreme Court (case
number 17-6090). The Petitioner's petition was denied on November 13, 2017. The instant petition is timely filed
because it is filed within one year following the denial of said writ of certiorari.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
    (1)  the date on which the judgment of conviction became final;
    (2)  the date on which the impediment to making a motion created by governmental action in violation of
    the Constitution or laws of the United States is removed, if the movant was prevented from making such a
    motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
    review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered
    through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_REReese_ (signature)
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

(month, date, year)

Executed (signed) on _____ (date)

_Kushner Blanc_ (signature)
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.